**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| Associated Recovery, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-cv-1723-AJT-JFA |
| v. | ) | |
| | ) | |
| John Does 1-44, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR ORDER TO PUBLISH NOTICE OF ACTION</u>**

The Plaintiff Associated Recovery, LLC (the "Plaintiff" or "Associated Recovery"), by

counsel, respectfully submits this Memorandum of Law in support of its motion for an Order to

publish notice of this *in rem* action regarding the Internet domain names: 744.com, 028.com, 3dcamera.com, fny.com, fx2.com, fxf.com, jtz.com, kgj.com, kmq.com, kou.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, ocu.com, pixie.com, qmh.com, ruten.com, sdu.com, sqg.com, taolv.com, uhw.com, vcz.com, vgj.com, wyd.com, xaq.com, xff.com, xsg.com, yey.com, ygx.com, yjr.com, yjx.com, ylz.com, yqp.com, yqt.com, yrn.com, yte.com, yyg.com, zdp.com, zhd.com, zulin.com, and zzm.com (collectively, the "Domain Names").

## I. FACTUAL BACKGROUND

On December 31, 2015, the Associated Recovery filed its *in rem* Complaint in this action. Dkt. 1. The Complaint asserts claims under the Anticybersquatting Consumer Protect Action of 1999, 15 U.S.C. § 1125(d) (the "Anticybersquatting Act"), as well as state law claims for quiet title and conversion.

Associated Recovery is the assignee of the rights, title, and goodwill of numerous trademarks and domain names from Novo Point LLC ("Novo Point").[1] Dkt. 1, paras. 3 and 106. Novo Point itself acquired the Domain Names by 2010, although the Domain Names had been registered by Novo Point's predecessor-in-interest between 2001 and 2004. Dkt. 1, paras. 1, 102, and 103. The Domain Names had been used by the Plaintiff's predecessors-in-interest for e-commerce websites for over 13 years to advertise products for others and provide a wide range of useful information, links to other sites, and other online services in a variety of fields. *Id*., para. 104. This long-standing use of the Domain Names created common law rights in the

---

[1] Since Novo Point assigned its trademarks and domain names, and accompanying goodwill, to Associated Recovery, for purposes of this motion and memorandum the term "Plaintiff" will include Novo Point's ownership, use, and goodwill that existed prior to the assignment to Associated Recovery.

subject trademarks, which (with their associated goodwill) have since been properly assigned to the Plaintiff. *Id.*, paras. 107 to 239.

After the Domain Names were improperly taken from the Plaintiff, the Domain Names were registered to one of the following: Domain ID Shield Service, Liuxiaosheng, Taesong Chong, Zhiqiangjin, XiaoFeng Lin, WhoisGuard Protected, Chang Su, LinXiaoFeng, WHOIS AGENT, Xiamen eName Network Co., Ltd., Xu hao, Chenjinwu, Whois Privacy Corp., Zhouhaijian, MillerCHOU, Mr. Chen, Wangxinguang, Qinxiaohong, Lvchangbing, WangTeng, Hanjim, Lixiaoying, Zhangzhiwei, Lu Feng, YinSi BaoHu Yi KaiQi, Greggong, Huangxuming, Linchunmei, ChenLongShui, Xucaijun, Lior Navi, and Liuliwei. Dkt. 1, paras. 5 to 48, and Exhibits 1-44 thereto.

Upon information and belief, and based on the Plaintiff's due diligence, most, if not all, of these names do not reflect the legal names of the current registrants. *Id.*, para. 94. Upon information and belief and based on the Plaintiff's due diligence, most, if not all, of the addresses identified in the Domain Name registrations are also fictitious. *Id.*, para. 93. The John Does are a person or persons of unknown identity located in China, Korea, the Bahamas, Israel, and Panama who gained unauthorized ownership of the Domain Names by a purported transfer of ownership either directly from or as a result of a vacated receivership that purported to have control of the Domain Names. Dkt. 1, paras. 240 to 251. In light of the John Does' concealment of their true identities through the use of fictitious registrant names and addresses, the Plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). Dkt. 1, paras. 93, 94, 255, and 258. Due to these

circumstances, the Anticybersquatting Act authorizes the Plaintiff to proceed *in rem* against the Domain Names.  *See* 15 U.S.C. § 1125(d)(2)(A)(ii).

**II.     ARGUMENT**

The Anticybersquatting Act provide that service of process for *in rem* actions, such as this one, shall be made by:

> (aa)     sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb)     publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II).  The Plaintiff has complied with the requirements of subparagraph (aa) *supra*.

The Plaintiff provided the current registrants of the Domain Names with notice of the alleged violations and the Plaintiff's intent to proceed *in rem* under the Anticybersquatting Act, including a copy of the Complaint.  *See* Coyle Decl., para. 4 and Composite Attachment 1 thereto.  These notices were sent to the postal and e-mail addresses set forth in the registrations for the Domain Names.  *Id.*.  The Plaintiff received a response from one of the John Does confirming receipt of the pleadings.  *Id.*, para. 5, and Attachment 2 thereto.  Therefore, the only remaining requirement to complete service of process is the published notice as may be directed by the Court.  The Plaintiff requests an order that such notice shall be given by a single, and one-time, publication in THE WASHINGTON TIMES.

The Anticybersquatting Act requires that an *in rem* plaintiff provide notice of the *in rem* proceeding by "publishing notice of the action as the court may direct promptly after filing the action." 15 U.S.C. § 1125(d)(A)(ii)(II)(bb).  This Court has held that, even though the statute

4

utilizes the term "may direct," publication is required for *in rem* actions. *See Facton Ltd. v. Gstaronsale.com*, 2011 U.S. Dist. LEXIS 16746, at *6-7 (E.D. Va. Feb. 17, 2011) (noting conflicting interpretations of Section 2(A)(ii)(II)(bb) and holding that publication of notice is consistent with the principles underlying *in rem* jurisdiction). Accordingly, the Plaintiff respectfully requests that the Court issue an order indicating that notice shall be given by a single publication in THE WASHINGTON TIMES as set forth in the proposed Order submitted herewith. *See also Alfieri-Crispin v. Ting*, 1:15-cv-00608-AJT-MSN, Dkt. 14 (E.D. Va. June 19, 2015) (ordering one-time publication in THE WASHINGTON TIMES pursuant to 15 U.S.C. § 1125(d)(A)(ii)(II)(bb), with a requirement for a responsive pleading due within 20 days of publication); *Volvo Trademark Holding AB v. Volvospares.com*, 1:09-cv-1247-AJT-IDD, Dkt. 7 (E.D. Va. Nov. 19, 2009) (ordering one-time publication in THE WASHINGTON TIMES pursuant to 15 U.S.C. § 1125(d)(A)(ii)(II)(bb), with a requirement for a responsive pleading due within 20 days of publication); *Montblanc-Simplo GmbH v. Montblancmagasin.com*, 1:13-cv-01215-LMB-TCB, Dkt. 7 (E.D. Va. Oct. 11, 2013) (ordering a single publication in THE WASHINGTON TIMES for 45 Internet domain names pursuant to 15 U.S.C. § 1125(d)(A)(ii)(II)(bb), with a requirement for a responsive pleading due within 21 days of publication); *Gong Zheng Jin v. 001HH.com*, 1:14-cv-01120-LO-MSN, Dkt. 13 (E.D. Va. Nov. 18, 2014) (ordering a single publication in THE WASHINGTON TIMES for 184 Internet domain names pursuant to 15 U.S.C. § 1125(d)(A)(ii)(II)(bb), with a requirement for a responsive pleading due within 20 days of publication).

The Plaintiff further requests that the Court grant leave to serve process concurrently by e-mail and publication for Plaintiff's quiet title and conversion claims. FED. R. CIV. P. 4(f)(3)

allows for service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) is merely one means among several which enable service of process on an international defendant, and it is neither a "last resort" nor extraordinary relief. *Rio Props v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (cited favorably in *WhosHere, Inc. v. Orun*, 2014 U.S. Dist. LEXIS 22084 (E.D. Va. Feb. 20, 2014)).

The John Does are believed to reside primarily in China, with possibly one John Doe each residing in Korea, Panama, the Bahamas, and/or Israel. The Plaintiff further believes that the names and addresses provided in the registrations for the Domain Names are fictitious in order to conceal the identities of the John Does and avoid liability. Indeed, many of the physical addresses for China are facially illegitimate. They are conflations of the names of the towns and areas where the John Does purport to reside, conflations of entirely differing towns and provinces, lacking street names and/or street numbers. Therefore, despite the Plaintiff's due diligence it has not been able to locate the John Does.

The John Does used the e-mail addresses set forth in the Domain Name registrations when communicating with the relevant domain name registrars for purposes of transferring the Domain Names away from the control of the Plaintiff and its predecessor-in-interest, which shows that service by e-mail would be reasonably calculated to give the John Does notice of this case. Moreover, since the John Does have provided inaccurate or incomplete information for many of their physical addresses, there is no way to ascertain the exact physical location of the John Does. Given the apparent efforts by the John Does to avoid identification and liability, the concurrent service of the Plaintiff's claims via e-mail and publication is in the public interest.

Service of process by e-mail and publication therefore comports with due process and should be allowed.

### III. CONCLUSION

For these reasons set forth *supra*, the Plaintiff respectfully requests that its motion be granted and the Court enter the proposed Order submitted herewith, with any such further relief as this Court deems proper.

Date: January 20, 2016

Respectfully,

    /s/
Rebecca J. Stempien Coyle
(VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W.
Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

## **CERTIFICATE OF SERVICE**

I I, Rebecca J. Stempien Coyle, certify that on January 20, 2016, I electronically filed the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER TO PUBLISH NOTICE OF ACTION by using the CM/ECF system.

I also sent copies for the following domain names: 744.com, 028.com, 3dcamera.com, fny.com, fx2.com, fxf.com, jtz.com, kgj.com, kmq.com, kou.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, ocu.com, pixie.com, qmh.com, ruten.com, sdu.com, sqg.com, taolv.com, uhw.com, vcz.com, vgj.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, yey.com, ygx.com, yjr.com, yjx.com, ylz.com, yqp.com, yqt.com, yrn.com, yte.com, yyg.com, zdp.com, zhd.com, zulin.com, zzm.com.  The copies were sent to the registrants of the domain names at the following postal and e-mail addresses provided by the registrants to the registrars:

>    Domain ID Shield Service Co.
>    5/F Hong Kong Trade Centre, 161-167 DesVoeux Road Central
>    Hong Kong 999077, China
>    745187165637504@domainidshield.com
>
>    Liuxiaosheng
>    Jiajiahao Building, 18th Floor
>    Shenzhen Shi, Guangdong 518000, China
>    liuxiaosheng@wrz.com
>
>    Taesong Chong
>    D-805 Central Star, Bujeon Jin-gu
>    Busan 614-030, Korea
>    komorijin@gmail.com
>
>    Zhiqiangjin
>    Hangzou Yiyou Technology Co., Ltd.
>    Wenyi Road No. 75
>    Hangzhou Shi, Zhejiang 310012, China
>    gaodade@gmail.com

XiaoFeng Lin
132 Jiuer Road, 5/F
ShiShi, Fujian 362700, China
williamlin89@gmail.com

WhoisGuard Protected, WhoisGuard, Inc.
P.O. Box 0823-03411
Panama City, Republic of Panama
15B93ABAFD0B47E787820FDA56E25280.PROTECT@WHOISGUARD.COM

Chang Su, Su Chang
A2-505 Linhai Mountain Villa, Xiameilin Beihuan Road
Shenzhen 518003, China
suchang1978@yahoo.com

LinXiaoFeng
Xi# 215
Quanzhoushi, Fujian 362000, China
williamlin89@gmail.com

WHOIS AGENT, DOMAIN WHOIS PROTECTION SERVICE
17F, No. 138 Zhognshan Avenue
Guangzhou, Guangdong 510000, China
whoisagent@hupo.com

Xiamen eName Network Co., Ltd.
Software Park, Wanghai Road No. 19, 603
Xiamen Shi, Fujian 361000, China
jxslsu0s0x@enamewhois.com
kf94hfkkfm@enamewhois.com
03ur3t0sx@enamewhois.com
cocyn6o88o@enamewhois.com

Xu hao
Shenyang, Liaoning, Zhongguo
Shenyang Shi, Liaoning 200000, China
fisky@foxmail.com

Chenjinwu
Kunming City, Kunming Shi, Yunnan 650024, China
jimiking@qq.com

Whois Privacy Corp.
Ocean Centre, Montagu Foreshore, East Bay Street
Nassau, Bahamas
5435a938ino23cjv@5225b4d0pi3627q9.whoisprivacycorp.com

Zhouhaijian
Zhongdongluwujingzhidui
Li Shui Di Qu, Zhejiang 323000, China
mirong@juxi.com

MillerCHOU
No. 7 DaQiao Southeast Road
Nanjing Shi, Jiangsu 210001, China
miller.chou@gmail.com

Mr. Chen
Fujian, Beijing
Beijing 100824, China
chinaloy@126.com

Wangxinguang
No. 11, Yijingyuan Yinduhuayuan QQ 9307979 Weixin 826527
Jining Shi, Shandong, China 272000
fmhot@126.com

Qinxiaohong
ChongQing QinKing Science Co., Ltd.
Chongqingshiyuzhongqushangqingsimeizhuanxiaojie66.bl802
Chongqing, Chongqing 400015, China
qsky666@hotmail.com

Lvchangbing
Shuiguohu
Wuhan Shi, Hubei 430071, China
3296868@qq.com

Wang Teng
Chikanqu
Zhanjiang Shi, Guangdong 524000, China
gdlzwt@gmail.com

Hanjim
Shenzhen Baoan
Shenzhen Shi, Guangdong 518100, China
mi@190.com

Lixiaoying
Wuyi Dadao
Changsha Shi, Hunan 410000, China
501133@qq.com

Zhangshiwei, zundai.com
Nanjing Shi, Jiangsu 210000, China
zhangzhiwei@sfbm.com

Lu Feng
Jiangjun Avenue 20
Nanjing Shi, Jiangsu 210000, China
jiangcuinj@gmail.com

YinSi BaoHu Yi KaiQi
3/F HiChina Mansion, No. 27 Gulouwai Avenue
Dongcheng District, Beijing 100120, China
YuMing@YinSiBaoHu.AliYun.com

Greggong
Yiheyuan Lu 5 Hao
Beijing 10000, Cina
greggong@outlook.com

Huangxuming, Guangdong United Foods Co., Ltd.
Rongsheng Technology Park, University Road
Shantoushi, Guangdong 515021, China
admin@yjr.com

Linchunmei
Tianhe Ruanjian Yuan
Guangzhou Shi, Guangdong 510665, China
leetwei@126.com

ChenLongshui, Bozong Net.Ltd.
Shenzhen Guangdong
Shenzhen Shi, Guangdong 518000, China
chenls@bzw.cn

Xucaijun
Hangzhou Xiaomai Financial Information Service Co., Ltd.,
4.cn brokers
Hangzhou Shi, Zhejiang 310019, China
kf@midai.com

Lior Navi
Hanasi 6
Haifa 34323, Israel
jerolior@gmail.com

Liuliwei
Xin Gang Xi Lu
Guangzhou Shi, Guangdong 510000, China
reeveliu@hotmail.com

    /s/
Rebecca J. Stempien Coyle
(VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W.
Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com