IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

ASSOCIATED RECOVERY, LLC,           )
                                    )
        *Plaintiff*,                       ) Case No. 1:15-cv-01723-AJT-JFA
                                    )
v.                                  )
                                    )
JOHN DOES 1-44,                     )
                                    )
        *Defendants in rem.*               )

In re:

| | | | |
|---|---|---|---|
| 744.COM | KXW.COM | UHW.COM | YJX.COM |
| 028.COM | LNM.COM | VCZ.COM | YLZ.COM |
| 3DCAMERA.COM | LUOHE.COM | VGJ.COM | YQP.COM |
| FNY.COM | MEQ.COM | WYD.COM | YQT.COM |
| FX2.COM | OCU.COM | XAQ.COM | YRN.COM |
| FXF.COM | PIXIE.COM | XFF.COM | YTE.COM |
| JTZ.COM | QMH.COM | XSG.COM | YYG.COM |
| KGJ.COM | RUTEN.COM | YCX.COM | ZDP.COM |
| KMQ.COM | SDU.COM | YEY.COM | ZHD.COM |
| KOU.COM | SQG.COM | YGX.COM | ZULIN.COM |
| KXQ.COM | TAOLV.COM | YJR.COM | ZZM.COM |

**CERTAIN DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO JOIN A <u>NECESSARY PARTY, OR IN THE ALTERNATIVE, TO TRANSFER VENUE</u>**

Certain Defendants,[1] by counsel, hereby submit this Reply to Plaintiff's Opposition to Certain Defendants' Motion to Dismiss Complaint for Failure to Join a Necessary Party, or in the Alternative, to Transfer Venue.

In its opposition, Plaintiff attempts to minimize the importance of *Netsphere, Inc. v. Baron*, No. 3:09-CV-0988-F (N.D. Tex.) ("*Netsphere* Litigation"), the case in the Northern District of Texas ("Northern District") which involves Plaintiff's predecessors, Novo Point, LLC ("Novo Point") and Jeffrey Baron ("Baron"), and in which the domain names at issue in this case were sold. Plaintiff instead is asking that this Court move forward with this case: (1) without joining the necessary parties that were involved in the transactions; (2) without regard to Northern District's order that it retained exclusive jurisdiction over the case; and (3) without regard to the mandatory forum selection clauses that govern the assignment of the domain names at issue in this case.

According to Plaintiff, this case should be decided by a court with no prior knowledge of the underlying facts, while another court—the Northern District—still presides over the seven-year saga that gave rise to the dispute at bar. According to Plaintiff, the Certain Defendants—who were bona fide purchasers for value and know little, if anything, about the *Baron* lawsuits—should proceed in this lawsuit without the presence of any of the entities/persons who sold the domain names in dispute. And according to Plaintiff, it—*not* Novo Point or Baron—is best suited to proceed alone with this lawsuit even though it "has never before seen any of the

---

[1] Certain Defendants include the following defendants, with the domain names owned by them in parentheses: Jinwu Chen (meq.com), Xumin Huang (yjr.com), Feng Lu (sqg.com, xsg.com, zdp.com, ycx.com), Yuhua Jiang (yqp.com, ygx.com, qmh.com, yqt.com), Zhilong Chu (pixie.com), Yaoguang Zhu (028.com), Yanbin Li (wyd.com), Yu Lin (kxw.com), Xiaofeng Lin (kmq.com, xaq.com, kxq.com, lnm.com, kgj.com), Genjing Zhen (luohe.com), Xiaoying Li (zzm.com, xff.com), Liwei Liu (yyg.com), Dongdong Xu (yrn.com), Teng Wang (vcz.com), Yang Gao (fny.com), Xiaohang Shen (zhd.com), and Feng Yan (zulin.com).

agreements that purported to transfer or assign any of the domain names from Novo Point to others during the Receivership." ECF 36 at 3.  That Plaintiff insists on prosecuting a lawsuit in which all the players are those *least* familiar with the underlying facts is a red flag.

The Court should reject Plaintiff's attempt to ignore and minimize the actual issues in this case and dismiss this case, or in the alternative, transfer it to the Northern District.

I. **Novo Point, Baron, Nelson, and Vogel Are Necessary Parties.**

Plaintiff argues that Novo Point is not a necessary party because the domain name assignment and transfer agreements are not valid.  *See* ECF 36 at 5.  But just because Plaintiff asserts that there is no issue about the validity of the transfer agreements does not make it so.  Plaintiff conclusorily asserts that the "validity of any assignments or transfers conducted under the Receivership's authority rises and falls on the Fifth Circuit's determination of the invalidity of the order instituting the Receivership," and that this is "*not* a case where the validity of an assignment is at issue." *Id*.  Plaintiff has not, however, provided any legal authority for the proposition that because the Northern District may have improperly instituted the Receivership, all prior orders—including the order authorizing the receiver Peter S. Vogel ("Vogel") to sell Novo Point's domain names (ECF 32-4)—are void.  In fact, Plaintiff ignores the Northern District's order holding the opposite, that "'all Orders issued under the Receivership remain in effect until the Receivership is wound down.'"  ECF 32 at 6 (quoting *Netsphere, Inc. v. Baron*, No. 3:09-cv-0988-F, 2013 WL 3326758, at *6 (N.D. Tex. May 29, 2013)).  Moreover, Plaintiff has not identified, and Certain Defendants are not aware of, any order by the Northern District to unwind any transactions or the order authorizing sale of domain names (ECF 32-4) entered during the Receivership.  Thus, given that there *is* a question of the validity of the assignments of the domain names, Plaintiff's citation to *In re Formtech Industries, LLC*, 439 B.R. 352, 359 (Bankr. D. Del. 2010) is misplaced, and Novo Point is thus a necessary party.  *See* ECF 36 at 6.

2

Plaintiff's assertions that it had no knowledge of the domain name assignment and transfer agreements and that it is unfamiliar with these agreements further underscore that Novo Point is a necessary party. *See id.* at 2. Novo Point is identified as the seller of the domain names in the domain name assignment and transfer agreements. *See* ECF 32-7. Novo Point got paid for the sales of the domain names, received the benefit of those sales, and was able to pay its creditors as a result of the money it received from the sales. Yet now, Plaintiff claims that it has no knowledge of the sales of the domain names by Novo Point, even though Plaintiff purports to be "transferee of all rights of Baron and Novo Point" (which Certain Defendants do not concede). ECF 1 ¶ 4. Importantly, Plaintiff characterizes this case as "simply one where a plaintiff's property was taken" and "plaintiff is seeking to get its improperly taken property back." ECF 36 at 11. In those statements, however, the "plaintiff" is Novo Point, not Associated Recovery. Novo Point's sale of the domain names to Certain Defendants in 2012, *see* ECF 32-7, and Novo Point's alleged assignment of the domain names to Plaintiff in December 24, 2015, *see* ECF 1 ¶ 106, are clearly at odds with each other, and thus, Novo Point is a necessary party in this action concerning the domain names.

Plaintiff also argues that Baron, Vogel, and Damon Nelson ("Nelson") are not necessary parties, but mere witnesses. ECF 36 at 3-4. Contrary to Plaintiff's assertions, Certain Defendants have explained why Baron, Vogel, and Nelson are necessary parties. As discussed in the Motion, if Vogel and Nelson are not joined, Certain Defendants could face inconsistent judgments without their presence. *See* ECF 32 at 11-12; *see also Allison v. Shapiro & Burson, LLP*, No. 1:09CV00057, 2009 WL 4015410, at *6 (W.D. Va. Nov. 19, 2009), report and recommendation adopted, No. 1:09CV00057, 2009 WL 4931388 (W.D. Va. Dec. 14, 2009) (finding that the signatories of plaintiffs are necessary parties because defendants could be

3

"required to participate in two different adjudications in order to seek full relief"). In *Allison*, the court found that two signatories of the plaintiffs of a deed in trust were necessary parties because if the plaintiffs had authorized their actions, then plaintiffs would be bound to the deed of trust, but if the signatories acted without approval, then the deed of trust would be void. *Id.* Thus, if the signatories were not joined, "the defendants face the very real possibility of receiving inconsistent court decisions," for example, if the court in *Allison* found the signatories did not act with authority, but in a later action the signatories found to have acted with authority. *Id.* at *7. Here, like in *Allison*, Nelson is the signatory of the domain name assignment and transfer agreements, acting under the direction of Vogel. If Vogel or Nelson are found to have transferred the domain names improperly, then Certain Defendants could be denied relief in that action as against Vogel or Nelson. Plaintiff incorrectly focuses on whether Nelson or Vogel "has any dog in this fight," as their involvement has a direct effect on Certain Defendants. *See* ECF 36 at 4.[2]

Similarly, Baron is a necessary party because, like Novo Point, Baron is a predecessor-in-interest of Plaintiff, and is likely the party that is actually in control of Novo Point. *See* ECF 32 at 11 (citing ECF 1 ¶¶ 3, 104). Baron is not merely a witness. *See* ECF 36 at 4. As previously discussed, Baron and Novo Point have filed a suit against Vogel concerning the Receivership and Vogel's duties as the receiver. *See* ECF 32 at 11 n.9; *see also* ECF 32-9 (*Baron v. Vogel*, No. 3:15-cv-232-L (N.D. Tex. Sept. 25, 2015), ECF No. 48). Given that Nelson and Vogel are

---

[2] Indeed, Plaintiff foreshadows but attempts to discount the likelihood that Certain Defendants will have claims against Baron, Novo Point, Vogel or Nelson. ECF 36 at 7. It makes little sense to believe that Certain Defendants will allow an asymmetric fight whereby they risk losing domain names but have no recourse for such loss.

necessary parties, Baron, too, would be a necessary party. Thus, Baron, Nelson, and Vogel are necessary parties to this action, and should be joined.

## II. This Action Should be Transferred to the Northern District of Texas.

### A. The ACPA Prefers *In Personam* Suits.

Under the Anticybersquatting Consumer Protection Act ("ACPA"), a plaintiff has two options to seek relief against alleged infringers of their mark: "A mark owner may proceed either *in personam* against an infringer or, in certain circumstances where this cannot be done, the owner may proceed *in rem* against the domain name; a mark owner may not proceed against both at the same time." *Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.Com*, 128 F. Supp. 2d 340, 344 (E.D. Va. 2001) (citing 15 U.S.C. § 1125(d)). The option to proceed *in rem* against a domain name, however, should only be used as a "last resort." *See Lucent Techs., Inc. v. Lucentsucks.com*, 95 F. Supp. 2d 528, 534 (E.D. Va. 2000); *see also Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002) (noting that "the structure of the ACPA undoubtedly expresses Congress's preference for *in personam* suits").

Thus, in cases where the plaintiff is able to obtain personal jurisdiction over a defendant in any district in the United States, courts have found *in rem* proceedings inappropriate. *See, e.g.*, *Lucent*, 95 F. Supp. 2d at 531 (finding that because the defendant was subject to *in personam* jurisdiction, the plaintiff's *in rem* cause of action against the domain name could not be maintained); *see also Goldstein v. Gordon*, No. Civ.A.300CV0022P, 2002 WL 324289, at *4 (N.D. Tex. Feb. 27, 2002) ("Because Defendant Gordon is subject to personal jurisdiction in the United States in the State of California, it was improper for Plaintiff to proceed *in rem* against Defendant cheaters.com. Consequently, the Court could not assert jurisdiction over Defendant cheaters.com and the default judgment shall be rendered void."); *Alitalia-Linee*, 128 F. Supp. 2d at 351.

In this case, Plaintiff's objection to transfer is based on the case being brought *in rem* under the ACPA and that any transfer would "violate" *in rem* jurisdiction. ECF 36 at 8. Plaintiff, however, does not address that, under the ACPA, the preferred jurisdictional basis is *in personam*, and that *in rem* should only be used as a last resort. Further, Plaintiff fails to mention that once a case can be brought *in personam*, the *in rem* cause of action should no longer be maintained. *See Goldstein*, 2002 WL 324289, at *4. Thus, it is Plaintiff, not Certain Defendants, who fails "to account for the . . . very specific and controlling jurisdictional language of the ACPA." *See* ECF 36 at 8.

Plaintiff concedes that *in personam* jurisdiction in the Northern District would be appropriate at least as to Xiaofeng Lin. *See* ECF 36 at 13. In 2012, Mr. Lin expressly agreed that the domain name assignment and transfer agreements would be enforced according to the laws of Texas and exclusively enforced in the Northern District (or the state district courts of Dallas County, Texas). Thus, Mr. Lin already consented to personal jurisdiction in the Northern District. *See W.L. Gore & Associates, Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, 671 (E.D. Va. 2011) ("A valid forum selection clause allows for personal jurisdiction in the chosen forum under the principles of 'contractual consent or waiver.'"). With personal jurisdiction established in the Northern District through Mr. Lin, venue is proper there under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred there. Otherwise 28 U.S.C. § 1391(b)(3) makes venue proper there due to personal jurisdiction over Mr. Lin.

Certain Defendants stipulate that, were Plaintiff to prevail in the Northern District (including any appeal), they would not challenge the jurisdiction of that court to order the domain registrar in Virginia to transfer the domain names. This should allay any fears Plaintiff has about the availability of relief from the Northern District. Any such fears, however, are

misplaced given that Plaintiff already asked another Texas court, i.e., the Eastern District of Texas, for exactly that same relief in the *Butcher* case.  See ECF 32-2 ("*Butcher* Complaint").

Further, Plaintiff's assertion that this case is "simply one where a plaintiff's property was taken" raises questions about whether *in rem* jurisdiction is even appropriate.  The ACPA does not provide relief for the alleged improper taking of domain name.  Rather, it is an action to protect a mark from "a bad faith intent to profit from that mark" through use of a domain name. *See* 15 U.S.C. § 1125(d).  That the sole basis for *in rem* jurisdiction in this Court is the ACPA is especially troubling where Plaintiff characterizes this action as one about a loss of property, and not one about protecting a common law trademark.  *See also* ECF 13, ECF 14 at 7-8 (discussing Certain Defendants meritorious defense against Plaintiff's ACPA claims).  If, as Plaintiff contends, this is simply a case about taking of property, then Plaintiff's ACPA claim should fail and *in rem* jurisdiction would not be appropriate.

### B.    The Northern District's Order Supports Transfer.

Plaintiff argues that the Northern District cannot have jurisdiction, despite the March 27, 2015 Order retaining exclusive jurisdiction, because the order "cannot supplant the jurisdictional requirements of the ACPA."  ECF 36 at 11.  As discussed above, however, the ACPA provides for, and *prefers*, *in personam* jurisdiction, which is available in the Northern District.  But Plaintiff completely ignores *in personam* jurisdiction, and as such, Plaintiff's argument fails.

Plaintiff further mistakenly asserts that this case is not "about the Receivership or actions by the Receiver or his professionals."  ECF 36 at 10-11.  Plaintiff's Complaint, however, is littered with allegations concerning exactly that.  *See* ECF 1 ¶¶ 240-259 (discussing the alleged "unlawful transfer and registration of the subject domain names" sold under the control of the Receivership in the *Netsphere* Litigation).  Plaintiff now seeks to bury its head in the sand and distance itself from the Receivership and the Northern District, stating that this case "is simply

one where a plaintiff's property was taken," ECF 36 at 11, but without acknowledging that the sales of plaintiff's alleged property (the domain names) arose out of the Receivership and were directly the result of actions of the Receiver (Vogel) or his professionals (Nelson).  This case is thus firmly within the Northern District's jurisdiction and subject to the Northern District's exclusive jurisdiction over "any controversy that arises from or relates to the Receivership or actions of the Receiver or his professionals."  *See Netsphere, Inc. v. Baron*, No. 3:09-CV-0988-L, 2015 WL 1400543, at *10 (N.D. Tex. Mar. 27, 2015) (ECF 32-8).  Put another way, if Novo Point had not assigned its interests to Plaintiff a few days prior to Plaintiff filing the complaint, where would Novo Point be able to maintain an action related to the domain name assignment and transfer agreements?

Plaintiff's attempt to distance itself from the Northern District is further shown by its decision to file its other complaint concerning domain names in the Eastern District of Texas, even though it is unclear why venue would be appropriate in the Eastern District of Texas when the events giving rise to Plaintiff's claims occurred in the Northern District.  *See* ECF 32-2 (*Butcher* Complaint).[3]

### C. The Forum Selection Clauses in the Domain Name Assignment and Transfer Agreements Support Transfer.

Plaintiff concedes that the mandatory forum selection clause is applicable to Mr. Lin, and further does not dispute that the forum selection clause can be applied against Plaintiff.  *See* ECF 36 at 12-13.  Despite agreeing that the mandatory forum selection clause selecting the Northern District applies to Mr. Lin, Plaintiff inappropriately suggests that it would stipulate to transfer of Mr. Lin to the *Eastern District of Texas* only if Mr. Lin signs an affidavit.  *Id.* at 13.  Plaintiff

---

[3] Plaintiff further fails to address the eight domain names that are common in the *Butcher* Complaint and in this case.

8

fails to explain why a mandatory forum selection clause of the Northern District would permit venue in the Eastern District of Texas. Plaintiff's additional requirement for Mr. Lin to sign an affidavit subject to certain conditions is neither required nor appropriate in the face of a valid and enforceable mandatory forum selection clause. Mr. Lin has never agreed to venue in the Eastern District of Texas, and Plaintiff cannot now attempt to force him there. The Eastern District of Texas, moreover, may not be a viable option for Plaintiff. On the same day Certain Defendants filed their Motion, Plaintiff's counsel—both local counsel and lead counsel—in the *Butcher* case filed a motion to withdraw. Motion of Plaintiff's Counsel to Withdraw, *Associated Recovery, LLC v. Butcher*, No. 2:16-cv-126 (E.D. Tex. Mar. 25, 2016), ECF No. 4 (and accompanying joint declaration of counsel, ECF No. 4-4) (attached as Exhibit I).

Similarly, Certain Defendants in Group 2 and Group 3 should be allowed to raise the forum selection clause against Plaintiff. Plaintiff should not have any rights greater than its predecessor in interest, Novo Point. Plaintiff concedes in its Complaint that it is the "transferee of *all rights* of Baron and Novo Point." ECF 1 ¶ 4. As a party to the domain name assignment and transfer agreements, Novo Point was required to bring any action in the Northern District (or the state district courts of Dallas County, Texas) pursuant to the forum selection clause. *See, e.g.*, ECF 32-7. Thus, Plaintiff should similarly be required to bring this action in the Northern District. Indeed, courts have found that forum selection clauses are applicable to non-signatory assignees. *See, e.g.*, *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009) (holding that "a forum selection clause is integral to the obligations of the overall contract, and a successor in interest should no more be able to evade it than any other obligation under the agreement" and citing cases in support); *see also Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 620 (Tex. App. 2005) (noting that a non-signatory "twice-removed

assignee" could enforce a forum selection clause against a plaintiff).  The Court should therefore enforce the forum selection clause and transfer this case to the Northern District.

### D. Plaintiff Does Not Address Convenience of the Parties and Witnesses

Plaintiff's main argument for opposing transfer is that *in rem* jurisdiction is not available in the Northern District.  But Plaintiff does not address or dispute that the Northern District is a more convenient forum for the parties, witnesses, or evidence in its response.  Indeed, Plaintiff even concedes that Baron, Vogel, and Nelson have factual knowledge relevant to the claims and defenses.  ECF 36 at 4.  Likewise, Plaintiff foreshadows Certain Defendants' equitable defenses, such as laches (*see* ECF 36 at 3 n.1), estoppel and unclean hands, that the presiding court will need to decide.  Doing so will require familiarity with the details of the receivership and transfers made by it—details already known to the Northern District.[4]  Thus, even if transfer is not mandated by the forum selection clause of the Northern District's retention of exclusive jurisdiction as discussed above, the Court should transfer this case pursuant to 28 U.S.C. § 1404(a).  *See* ECF 32 at 15-16.

### III. Conclusion

Plaintiff fails to show that Novo Point, Baron, Vogel, and Nelson are not necessary parties.  Further, Plaintiff fails to rebut that either (1) this action must be heard in the Northern District or (2) the Northern District is a more convenient forum.  As such, Certain Defendants request that the Court GRANT their motion to dismiss for failure to join a necessary party, and transfer the case to the Northern District, and for such other further relief as is appropriate.

---

[4] Moreover, in addition to its ACPA claim, Plaintiff alleges a state law claim of conversion and for quiet title.  ECF 1 at ¶¶ 268-277.  The conversion claim will be particularly challenging to litigate absent detailed facts and understanding of what transpired in the Northern District.

| | |
|---|---|
| Dated: April 11, 2016 | Respectfully submitted, |
| | |
| | */s/ Eric Y. Wu* |
| | Lora A. Brzezynski, VSB No. 36151 |
| | Claire M. Maddox, VSB No. 71230 |
| Of Counsel: | Eric Y. Wu, VSB No. 82829 |
| | Dentons US LLP |
| Steven M. Geiszler | 1900 K Street, NW |
| Zunxuan D. Chen | Washington, DC  20006 |
| Dentons US LLP | 202-496-7500 (phone) |
| 2000 McKinney Avenue | 202-496-7756 (fax) |
| Suite 1900 | lora.brzezynski@dentons.com |
| Dallas, TX 75201-1858 | claire.maddox@dentons.com |
| 214-259-0900 (phone) | eric.wu@dentons.com |
| 214-259-0910 (fax) | |
| steven.geiszler@dentons.com | *Counsel for Domain Names 028.com,* |
| digger.chen@dentons.com | *fny.com, kgj.com, kmq.com, kxq.com,* |
| | *kxw.com, lnm.com, luohe.com, meq.com,* |
| | *pixie.com, qmh.com, sqg.com, vcz.com,* |
| | *wyd.com, xaq.com, xff.com, xsg.com,* |
| | *ycx.com, ygx.com, yjr.com, yqp.com, yqt.com,* |
| | *yrn.com, yyg.com, zdp.com, zhd.com,* |
| | *zulin.com, zzm.com and Defendants Jinwu* |
| | *Chen, Xumin Huang, Feng Lu, Yuhua Jiang,* |
| | *Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu* |
| | *Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying* |
| | *Li, Liwei Liu, Dongdong Xu, Teng Wang,* |
| | *Yang Gao, Xiaohang Shen, Feng Yan* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of April 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rebecca J. Stempien Coyle (VSB 71483)
Levy & Grandinetti
Suite 304
1120 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 429-4560
Fax: (202) 429-4564
mail@levygrandinetti.com

*Counsel for Associated Recovery, LLC*

*/s/ Eric Y. Wu*
Eric Y. Wu, VSB No. 82829
Dentons US LLP
1900 K Street, NW
Washington, DC  20006
202-496-7500 (phone)
202-496-7756 (fax)
eric.wu@dentons.com

*Counsel for Domain Names 028.com, fny.com, kgj.com, kmq.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, pixie.com, qmh.com, sqg.com, vcz.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, ygx.com, yjr.com, yqp.com, yqt.com, yrn.com, yyg.com, zdp.com, zhd.com, zulin.com, zzm.com and Defendants Jinwu Chen, Xumin Huang, Feng Lu, Yuhua Jiang, Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying Li, Liwei Liu, Dongdong Xu, Teng Wang, Yang Gao, Xiaohang Shen, Feng Yan*

DC 51304932.3