IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-1723 |
| ) | AJT / JFA |
| JOHN DOES 1 – 44, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF NON-PARTY VERISIGN, INC.'S
MOTION FOR CLARIFICATION, AID AND DIRECTION**

VeriSign, Inc. ("Verisign") is not a party to this action. However, this action involves competing claims to various domain names within the .com top-level domain. As the operator of the .com registry, Verisign from time to time receives orders from this and other Courts, directing it to change the registrars of domain names. In this case, plaintiff's counsel sent Verisign a copy of an Order dated May 18, 2016 (Dkt. 42) (the "May 18 Order"), which required:

> that VeriSign, Inc. change the registrar of record for the defendant domain names above to a registrar specified by plaintiff and require the selected registrar to take the steps necessary to register the defendant domain names in the name of Associated Recovery, LLC.

Plaintiff's counsel directed that the new registrar be Uniregistrar. Verisign complied with the May 18 Order on or about June 7, 2016, and changed the registrar for the specified domain names to Uniregistrar.

It now has come to Verisign's attention that after it complied with the May 18 Order, the Court vacated the May 18 Order as to certain of the domain names. *See* Orders dated and July 1, 2016 and August 1, 2016 (Dkt. 59, 69) (the "Vacatur Orders").

The vacatur of the May 18 Order, after Verisign complied with it, creates an ambiguity from Verisign's perspective. Because the Vacatur Orders do not expressly require Verisign to do (or not do) anything, should Verisign do nothing? Or does the fact that the May 18 Order has partially been vacated require that Verisign reverse the change of registrars as to the relevant domain names, and change the registrar from Uniregistrar to the original registrar? Verisign takes no position in the matter; it merely wants to ensure that it is complying fully with the intentions of this Court.

Accordingly, Verisign respectfully requests that the Court clarify the Vacatur Orders to specify what, if anything, Verisign is obligated to do as a result of the vacatur of the May 18 Order.

    /s/ Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for VeriSign, Inc.
HARRIS, ST. LAURENT & CHAUDHRY LLP
1818 Library Street, Suite 500
Reston, VA 20190
Tel.: (703) 956-3566
Fax: (703) 935-0349
Email: thyland@sc-harris.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of August, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rebecca J. Stempien Coyle, Esquire
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, DC  20036

Eric Y. Wu, Esquire
DENTONS US LLP
1900 K Street, N.W.
Washington, DC  20036

    /s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for VeriSign, Inc.
HARRIS, ST. LAURENT & CHAUDHRY LLP
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email:   thyland@sc-harris.com