IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01723-AJT-JFA |
| | ) |
| JOHN DOES 1-44, | ) |
| | ) |
| *Defendants in rem*. | ) |

**DEFENDANTS' RESPONSE TO NON-PARTY VERISIGN, INC.'S MOTION
FOR CLARIFICATION, AID AND DIRECTION**

*In rem* Defendants JTZ.com, OCU.com, VGJ.com, YJX.com, YTE.com, and 744.com (collectively, "Responding Defendants") through the undersigned counsel, provide the following response to Non-Party VeriSign, Inc.'s Motion for Clarification, Aid and Direction (Dkt. 71, 72). Responding Defendants recently filed motions, which the Court granted, to set aside the May 18, 2016 Default Judgment (Dkt. 43) with respect to those domain names. Responding Defendants ask that the Court order VeriSign to change the registrar from Uniregistry to the original registrar used by each Responding Defendant's owner. Doing so best preserves the *status quo* before entry of default judgment. Alternatively, the Court could order VeriSign to leave the Uniregistry as the registrar for the Responding Defendants, provided the registrations are kept in the names of Responding Defendants' owners. Responding Defendants object, however, to the registrations being held in Plaintiff's name or under Plaintiff's control—regardless of which non-party registrar is used.

1

**A.     The applicable law favors returning the domain names to Defendants' owners.**

Once the Default Judgment was overturned with respect to the Responding Defendants, the domain name registrations should have reverted to the way they were at the inception of this litigation. *See Belcastro v. Task Indus., Inc.*, 182 F.3d 924, 942 (9th Cir. 1999) (after setting aside judgment under Rule 60(b) Court will "undo the effect of that order and restore the parties to the *status quo ante*."); *In re Graziadei*, 32 F.3d 1408, 1411 (9th Cir. 1994) (same). That is also the posture contemplated by the ACPA. The ACPA provides that when the registrar receives a copy of the Complaint in an ACPA case, it "shall" (a) deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court, and (b) "not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court." 15 U.S.C. § 1125(d)(2)(D)(i)(I) and (d)(2)(D)(i)(II). Accordingly, the ACPA contemplates that when an action is filed against a domain name, that domain name retains its registry status pending the outcome of the case. Following this guidance, the most appropriate outcome is for VeriSign to change the registrar from Uniregistry to the original registrar used by each Responding Defendant's owner.

**B.     Some of Responding Defendants' registrations have already been returned.**

The owners of some of the Responding Defendants have already been able to regain control of their domain names through Uniregistry. On July 1, 2016 the Court set aside the Default Judgment with regard to JTZ.com, OCU.com, and YTE.com. *See* Order, Dkt. 59. Thereafter, third-party registrar Uniregistry returned control of those domain names from Plaintiff to their prior owners. The owners of VGJ.com, YJX.com, and 744.com are currently working to regain control over their respective domain names, which also are registered with

Uniregistry. As mentioned above, an acceptable alternative outcome is for Uniregistry to maintain these registrations in the names of Responding Defendants' respective owners.

C. **Plaintiff's attempts to keep control over the Defendant domain names.**

Despite the Court's orders overturning the Default Judgment regarding the Responding Defendants, and despite controlling law calling for the *status quo ante*, Plaintiff seeks to gain or maintain control of the Defendant domain name registrations. Specifically, Plaintiff's counsel has asked Uniregistry to not allow Defendants' owners to regain control over the domain names but, instead, allow Plaintiff to control them. Attached as Exhibit A is a July 22, 2016 email from Plaintiff's counsel to Uniregistry, making such a request.

Plaintiff's efforts are particularly troubling in light of the fact that, during recent briefing, Plaintiff revealed that it sold the YJX.com domain name upon gaining control of it after the Default Judgment. (Dkt. 68 at 2). That hasty sale of one of the then-defaulted domain names demonstrates why Plaintiff should **not** be allowed to maintain control over Responding Defendants' registrations during this litigation.[1] Indeed, not only was it foreseeable that YJX.com's owner would seek return of the domain name, Plaintiff's agent actually foresaw such a situation. Attached as Exhibit B is a brief online discussion about the recent auction of defaulted domain names from this litigation, including a post by Ryan Colby, CEO of Outcome Brokerage, which is the domain-name broker that sold YJX.com. Mr. Colby writes, in relevant part, "we have been indemnified with regards to the sales process in our exclusive brokerage

---

[1] As stated in footnote 2 on page 11 of Defendants VGJ.com and YJX.com's Motion to Set Aside Default Judgment (Dkt. 62), Defendants' counsel submit that the Court should consider enjoining or otherwise ordering Plaintiff not to sell or otherwise convey control over other defaulting domain names for a reasonable period of time, lest other defaulting owners appear and seek to set aside the Default Judgment. Indeed, in an Amended Complaint filed August 1st in the Northern District of Texas, Plaintiff admitted being contacted by still more defaulted defendants who may potentially seek to set aside the Default Judgment.

3

contract should any dispute arise." Exhibit B at 3 (quotation in highlight). Assuming the post is accurate, the fact that Plaintiff agreed to indemnify Mr. Colby against disputes shows that situations such as the one at bar were actually foreseen and contractually provided for by Plaintiff.

Defendants took affirmative steps to prevent Plaintiff from selling the disputed domain names. On July 14, 2016, Defendants' counsel sent a cease-and-desist letter to Mr. Colby, advising him of the Motion regarding VGJ.com and YJX.com. *See* Exhibit C. Plaintiff's counsel was copied on the letter. *Id.* On July 20th, during the parties' conference regarding a recent motion to set aside the Default Judgment, Defendants' counsel also asked Plaintiff's counsel about the status of the online domain name sales. *See* Exhibit D (email from S. Geiszler to P. Grandinetti). Plaintiff's counsel never responded to that email. The next day, July 21st, Mr. Colby of Outcome Brokerage responded to Defendants' counsel, stating "We have ceased any brokerage activities as they relate to the Associated Recovery portfolio." Exhibit E. But Mr. Colby did not mention the sale of YJX.com.

Defendants' counsel learned for the first time of the sale of YJX.com when reading Plaintiff's Response to YJX.com's motion to set aside the Default Judgment (Dkt. 68 at 2). Counsel immediately emailed Mr. Colby, "I understand that YJX.com was sold. Can you confirm whether that is correct and, if so, the date of the sale?" Exhibit F. Mr. Colby responded, "I will refer you to Associated Recovery with regards to any data or information related to any domain sales." *Id.* Counsel then emailed Plaintiff's counsel, asking "Please tell us the date of the sale of YJX.com, including (1) the specific date when Outcome Brokerage accepted the winning bid and (2) the specific date when Outcome Brokerage informed you and/or your client of the sale." Exhibit G. Plaintiff's counsel again did not respond.

**D.     Conclusion**

Given that (1) Plaintiff not only foresaw the likelihood that owners of at least some of the defaulting domain names would seek their return but went ahead and sold the domain names anyway, (2) Plaintiff apparently agreed to indemnify Mr. Colby and Outcome Brokerage in the event of a dispute over a domain name sale, (3) Mr. Colby and Plaintiff's counsel refuse to state when the sale occurred, (4) Plaintiff's counsel refuses to even respond to pertinent questions by Defendants' counsel,[2] and (5) Plaintiff's counsel unreasonably demands that Uniregistry return control over Responding Defendants' registration **after** the Court set aside the Default Judgment, Responding Defendants agree that clarification is needed.  Responding Defendants ask that the Court order VeriSign to change the registrar from Uniregistry to the original registrar used by each Responding Defendant's owner.  Doing so preserves the *status quo ante*.

Dated:  August 12, 2016

Of Counsel:
Steven M. Geiszler
Zunxuan D. Chen
Juanita DeLoach
Dentons US LLP
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201-1858
214-259-0900 (phone)
214-259-0910 (fax)
steven.geiszler@dentons.com
digger.chen@dentons.com
juanita.deloach@dentons.com

Respectfully submitted,

*/s/ Eric Y. Wu*
Lora A. Brzezynski, VSB No. 36151
Claire M. Maddox, VSB No. 71230
Eric Y. Wu, VSB No. 82829
Dentons US LLP
1900 K Street, NW
Washington, DC  20006
202-496-7500 (phone)
202-496-7756 (fax)
lora.brzezynski@dentons.com
claire.maddox@dentons.com
eric.wu@dentons.com

*Counsel for Defendants*

---

[2] The statement that "Plaintiff's counsel has recently learned that the domain name was sold" (Dkt. 68 at 2) seems improbable given Defendants' counsel repeated emails and letter on this topic.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 12th day of August, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rebecca J. Stempien Coyle (VSB 71483)
Levy & Grandinetti
Suite 304
1120 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 429-4560
Fax: (202) 429-4564
mail@levygrandinetti.com

*Counsel for Associated Recovery, LLC*

Dated:  August 12, 2016

>  */s/ Eric Y. Wu*
>  Eric Y. Wu, VSB No. 82829
>  Dentons US LLP
>  1900 K Street, NW
>  Washington, DC  20006
>  202-496-7500 (phone)
>  202-496-7756 (fax)
>  eric.wu@dentons.com
>
>  *Counsel for Defendants*

100959371