**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Associated Recovery, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:15-cv-1723-AJT-JFA |
| v. ) | |
| ) | |
| John Does 1-44, ) | |
| ) | |
| Defendants. ) | |

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S RESPONSE TO NON-PARTY VERISIGN, INC.'S
MOTION FOR CLARIFICATION, AID AND DIRECTION**

The Plaintiff, Associated Recovery, LLC, joins in the request of Verisign, Inc., for clarification of the Court's Orders setting aside default judgments.

Associated Recovery asks that the Court to maintain the *status quo* between the parties and order the domain names recovered by Associated Recovery through default judgments to remain in its account with its registrar, Uniregistrar Corp., and not be transferred or sold by Associated Recovery to any third party pending the outcome of this matter.[1]

## 1. Introduction

The bases for Associated Recovery's request to maintain the status quo stems from the deceptions and disregard that the "Certain Defendants" and the individuals and entities now seeking to set aside this Court's Default Judgments exhibit towards this Court's authority.

The defaulted individuals and entities, who are almost exclusively based in China, willingly ignored documents and notices from this Court's proceedings at their own risk. It was only once the Default Judgments were entered and the domain names were transferred to Associated Recovery that these individuals and entities appeared.

Counsel for these individuals and entities also represent the "Certain Defendants" who had appeared earlier in the case and sought a transfer to the Northern District of Texas. At that time counsel for the Defendants assured this Court that it had authority to represent to the Court that these individuals and entities each agreed to *in personam* jurisdiction, if this matter were transferred to the Northern District of Texas. Yet, these individuals and entities are now attempting to avoid *in personam* jurisdiction in the United States.

---

[1] The Plaintiff notes that the two Ninth Circuit cases relied upon by the Defendants both specifically concerned judgments that were held *void*, an important distinction from the instant matter.

These defaulted individuals and entities and the "Certain Defendants" have aggressively interfered with Associated Recovery's business relationships with its registrar and other contacts in the industry.

**2.     Argument**

    **A.     Certain Defendants Demonstrated a Willingness to Ignore This Court's Authority**

Two batches of individuals and entities have appeared before this Court in this matter. The first batch, the "Certain Defendants" responded to Associated Recovery's service of this action, hired counsel, and currently retain control over the domain names at issue in this action and previously transferred to them. The second batch chose to ignore Associated Recovery's service and notices and did not appear until possession of the domain names they controlled was taken from them.

The second batch of individuals and entities include those who were the "transferees" of the fourteen domain names that were subject to Default Judgments from this Court. These transferees chose to ignore documents and notices from this Court's proceedings at their own risk.

The Default Judgments in this matter were not lightly granted by the Court. The defaults were ordered after this Court required and accepted the proof of prolonged efforts to serve the transferees of the domain names. Service was demonstrated by (1) e-mails sent to the e-mail addresses that are required to be identified by current domain name transferees, (2) paper copies of all notices that were sent to the addresses required to be identified by current domain name transferees, and (3) publication in a newspaper.

The individuals and entities subsequently seeking to set aside some of this Court's Default Judgments **ignored all notices** until the domain names were transferred to Associated Recovery.

These individuals and entities demonstrated a disregard for this Court's authority until the domain names were transferred to Associated Recovery. The domain names should not be returned to these individuals and entities because these individuals and entities demonstrated a willingness to take the property and disappear back into the anonymity afforded by the labyrinth of the Internet. They will again be free to use and sell the domain names and ignore this Court's authority and directives.

### B. This Court's Directives Must Be Assigned Some Weight

The first batch of Certain Defendants committed to this Court to *in personam* jurisdiction, but they are now attempting to escape the reach of any U.S. court.

This Court has jurisdiction over the operator of the ".com" registry, "Verisign, Inc." For this reason, the *in rem* action was brought in this Court.

The District Court of the Northern District of Texas located in Dallas ruled that it retained "exclusive jurisdiction" over any dispute that may arise concerning orders in the Receivership case and any controversy that arises from or relates to that Receivership[2], and this has been the basis for all of the Defendants' requests to transfer to the Northern District of Texas.

---

[2] *Netsphere, Inc. v. Baron*, No. 3:09-cv-0988 (N.D. Tex. Mar. 27, 2015), ECF No. 1448.

A Chinese national, Mr. Lin, organized about 21 domain name transferees in China to join together in this action. Mr. Lin hired the Dentons law firm to represent these Defendants, who appeared without defaulting.

This Court conducted hearings on March 18 and April 15, 2016. Attorneys from the Dentons law firm attended both hearings.

At the first hearing for the motion to dismiss on March 18, 2016, Magistrate Judge Anderson sternly instructed the attorney from the Dentons law firm to establish "a clear line of communications" with the Chinese transferees. (Exhibit 1, March 18, 2016, tr. p. 10, lines 2-24.)

At the second hearing on April 15, 2016, Judge Anthony J. Trenga engaged in a series of inquiries with a different attorney from the Dentons law firm. During this hearing counsel for the Plaintiff sough to confirm that the "Certain Defendants" were "stipulat[ing] to the personal jurisdiction and the jurisdiction of the Texas court to enter the relief" and that "each individual defendant is stipulating to the jurisdiction of Texas," and "not just that point person." (Exhibit 2, tr. p. 6, lines 18-22, p. 7, lines 3-9, and Exhibit 3, E-Mail to Dentons' Dallas Attorney of August 9, 2016.)

In response to the Plaintiff's effort to clarify this point, the Court responded, "That's what I understand." (Exhibit 2, tr. p. 7, line 10.) Immediately thereafter, counsel for the "Certain Defendants" stated, "as to Xiaofeng Lin . . . he is actually on the face of one of the domain name transfer agreements. He has consented to the personal jurisdiction of Texas; thus there's no *in rem* jurisdiction over him here because there's *in personam* jurisdiction in Texas." (Exhibit 2, tr. p. 7, lines 14-20).

Counsel for the "Certain Defendants" then continued, "As for the remaining domain names that I represent, my clients have stipulated that we will not challenge the jurisdiction of the Northern District of Texas to order the domain registrar in Virginia to transfer the domain names if we do not prevail in Texas." The Court responded, "On the merits," and counsel replied, "On the merits, yes." (Exhibit 2, tr. p. 7, line 24 - p. 8, line 7.)

Then, while discussing its reasoning for granting the transfer to the Northern District of Texas, the Court included the following:

> [I]t appears in any event that there's no reason to think that personal jurisdiction cannot be obtained over these certain defendants who claim these domain names as evidenced by both plaintiff's claims in the Eastern District of Texas against certain of these certain defendants and also the certain defendants' stipulation that they consent to the jurisdiction of the Northern District of Texas for the purposes of providing any remedy with respect to the transfer of these domain names.
>
> In that regard, the anticybersquatting act specifically contemplates that such claims will be asserted where there is personal jurisdiction as the preferred course reserving *in rem* jurisdiction for those cases where personal jurisdiction is not obtainable.

(Exhibit 2, tr. p. 11, lines 8-23).

When the second batch of Defendants sought to have their Default Judgments set aside, Associated Recovery came to agree to (1) the defaults being set aside and (2) the new Defendants joining the action *in personam* before the District Court of the Northern District of Texas. Associated Recovery asked for language that confirmed that the status quo of the possession of these domain names remain in the possession of Associated Recovery's Uniregistrar account until this matter is resolved. (Exhibit 4, composite of E-Mail of July 20, 2016, to Mr. Wu and its attachment at the third "whereas" clause.)

After the failed effort to address the concern over the status quo of the possession of the domain names subject to Default Judgments, the Defendants became more active in denying their personal jurisdiction before the U.S. District Courts and aggressively began to undermine Associated Recovery's business relationships with Uniregistrar Corp. and others.

The behavior exhibited by the Defendants, including those that are or were the subject of Default Judgments, demonstrates a disregard for this Court's authority.  This Court's orders and directives from the bench must be assigned some weight.  This Court should order that these "second batch" Defendants cannot have domain names returned to them because these Defendants have ignored the Court's documents and notices and the Court's directives regarding personal jurisdiction.

The return of the domain names to these Defendants involves a high risk that they will take the property and disappear from the Court's reach.

### 3.     Conclusion

Associated Recovery asks the Court to order Verisign not to return the domain names, previously subject to this Court's Default Judgments, to the Defendants seeking to set aside the Defaults.  Associated Recovery will maintain the status quo of these domain names in its account and not sell or transfer these domain names to a third party until this matter is resolved.

Date:   August 24, 2016

　　　　　　　　　　　　　　　　　　/s/
Rebecca J. Stempien Coyle  (VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

## CERTIFICATE OF SERVICE

I, Rebecca J. Stempien Coyle, certify that on August 24, 2016, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO NON-PARTY VERISIGN, INC.'S MOTION FOR CLARIFICATION, AID AND DIRECTION by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Lora Brzezynski
> Claire M. Maddox
> Eric Wu
> DENTONS US LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006
> lora.brzezynski@dentons.com
> claire.maddox@dentons.com
> eric.wu@dentons.com
>
> Steven M. Geiszler
> Zunxuan D. Chen
> DENTONS US LLP
> 2000 McKinney Avenue
> Suite 1900
> Dallas, TX 75201-1858
> steven.geiszler@dentons.com
> digger.chen@dentons.com

                        /s/
Rebecca J. Stempien Coyle  (VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com