# EXHIBIT 2

```
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF VIRGINIA
 2                      ALEXANDRIA DIVISION

 3  ASSOCIATED RECOVERY, LLC,    )  Case 1:15-cv-01723
                                 )
 4              Plaintiff,       )
                                 )
 5       v.                      )  Alexandria, Virginia
                                 )  April 15, 2016
 6  JOHN DOES 1-44, et al.,      )  10:36 a.m.
                                 )
 7              Defendants.      )
                                 )  Pages 1 - 12
 8

 9       TRANSCRIPT OF DEFENDANTS' MOTIONS TO DISMISS

10          BEFORE THE HONORABLE ANTHONY J. TRENGA

11              UNITED STATES DISTRICT COURT JUDGE

12
    APPEARANCES:
13
    FOR THE PLAINTIFF:
14
         REBECCA J. STEMPIEN COYLE, ESQUIRE
15       BRANDI M. BRENNER, ESQUIRE
         LEVY & GRANDINETTI
16       1156 Fifteenth Street, N.W., Suite 603
         Washington, D.C.  20005
17       (202) 429-4560

18  FOR THE DEFENDANTS:

19       LORA A. BRZEZYNSKI, ESQUIRE
         DENTONS US, LLP
20       1900 K Street, N.W.
         Washington, D.C.  20006-1102
21       (202) 496-7239

22

23

24

25     COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

Rhonda F. Montgomery    OCR-USDC/EDVA    (703) 299-4599

1  Honor.  A lot of them, the information provided is
2  questionable.  Addresses are incomplete or almost
3  clearly inaccurate and misleading.  For the most parts,
4  they have been completely silent in response.
5           We also did not know the identities of --
6  other than from the WhoIs records, we did not know the
7  identities of these certain defendants prior to the
8  filing.
9           THE COURT:  How were they served?
10          MS. STEMPIEN COYLE:  We've been sending
11 e-mail to the e-mail address listed in the WhoIs, as
12 well as postal mail to that same address.  We also did
13 a service by publication pursuant to the court order.
14          THE COURT:  All right.  Thank you.
15          Anything else?
16          MS. STEMPIEN COYLE:  The only other thing the
17 plaintiff would bring up is that should these certain
18 defendants be transferred to Texas, we would just like
19 to be clear that each of the individual certain
20 defendants does understand and does stipulate to the
21 personal jurisdiction and the jurisdiction of the Texas
22 court to enter the relief.
23          I understand it's a very overwhelming and
24 maybe jumbled situation, it seems, for defendants'
25 counsel based on the papers we've seen from them to

1  date and the conversations we've had with them.  I
2  understand they are all primarily in China, if not all
3  in China.  It seems that there is one -- I think he's a
4  defendant who is organizing or kind of acting as a
5  point person for the remaining of the defendants.  We
6  would just like to be clear that it is not just that
7  point person who is stipulating on behalf of all of the
8  defendants, but that each individual defendant is
9  stipulating to the jurisdiction of Texas.
10           THE COURT:  That's what I understand.
11           MS. STEMPIEN COYLE:  Thank you, Your Honor.
12           THE COURT:  All right.  Anything further?
13           MS. BRZEZYNSKI:  Yes, Your Honor.  I think
14  it's worthwhile to clarify two points.  First, as to
15  Xiaofeng Lin, who is the owner of five of the domain
16  names, he is actually on the face of one of the domain
17  name transfer agreements.  He has consented to the
18  personal jurisdiction of Texas; thus, there's no *in rem*
19  jurisdiction over him here because there's *in personam*
20  jurisdiction in Texas.
21           THE COURT:  All right.
22           MS. BRZEZYNSKI:  So the case against him
23  cannot stand.
24           As for the remaining domain names that I
25  represent, Your Honor, eight already in the *Butcher*

 1  case and then the other remaining ones, my clients have
 2  stipulated that we will not challenge the jurisdiction
 3  of the Northern District of Texas to order the domain
 4  registrar in Virginia to transfer the domain names if
 5  we do not prevail in Texas.
 6           THE COURT:  On the merits.
 7           MS. BRZEZYNSKI:  On the merits, yes.
 8           THE COURT:  Right.
 9           MS. BRZEZYNSKI:  I must tell you, Your Honor:
10  That is a very, very big issue in the case and one
11  where -- the very beginning of my argument I was saying
12  there's one argument that goes to the heart of
13  plaintiff's case, and that's the assumption that the
14  domain name transfer agreements are invalid and that
15  the receivers on behalf of Novo Point had no right to
16  transfer those agreements.  That is very, very much an
17  issue which the Northern District of Texas has retained
18  exclusive jurisdiction over.
19           In fact, if those domain name transfer
20  agreements were pursuant to the Northern District of
21  Texas and there's an order that says so and are, in
22  fact, valid, then Novo Point had nothing to transfer,
23  no asset to transfer to Associated Recovery at all,
24  Your Honor.
25           THE COURT:  I understand.

1  albeit in the Eastern District of Texas, involving many
2  of the same domain names as those at issue here.
3          The Court has also considered the plaintiff's
4  arguments that this case should remain in this district
5  by virtue of its *in rem* jurisdiction over the domain
6  names.  Without getting into whether plaintiff's
7  claims, in fact, appropriately arise under the
8  anticybersquatting statute, it appears in any event
9  that there's no reason to think that personal
10 jurisdiction cannot be obtained over these certain
11 defendants who claim these domain names as evidenced by
12 both plaintiff's claims in the Eastern District of
13 Texas against certain of these certain defendants and
14 also the certain defendants' stipulation that they
15 consent to the jurisdiction of the Northern District of
16 Texas for the purposes of providing any remedy with
17 respect to the transfer of these domain names.
18         In that regard, the anticybersquatting act
19 specifically contemplates that such claims will be
20 asserted where there is personal jurisdiction as the
21 preferred course reserving *in rem* jurisdiction for
22 those cases where personal jurisdiction is not
23 obtainable.
24         For these same reasons, the Court concludes
25 that transfer under 28 U.S.C. 1404(a) is appropriate.