# *E*XHIBIT *3*

# Paul Grandinetti

| | |
|---|---|
| **From:** | Paul Grandinetti |
| **Sent:** | Tuesday, August 09, 2016 3:11 PM |
| **To:** | Paul Grandinetti |
| **Subject:** | N.D. Texas, Associated Recovery LLC v. John Does 1-44 et al. - Amended Complaint |
| **Attachments:** | Transcript.EDVA 041516_Motion Dismiss Hearing_Excerpts.pdf |

Dear Mr. Geiszler:

We have now had the opportunity to receive and review one of the two transcripts referenced in our message of August 5, 2016, at approximately 2:10 p.m.   We are still waiting on the second transcript, but wanted to bring to your attention some statements made during the hearing on the Defendants' Motion to Dismiss or Transfer.

During the hearing on the motion to dismiss, the Plaintiff was clear that it's understanding was that the "Certain Defendants" were "stipulat[ing] to the personal jurisdiction and the jurisdiction of the Texas court to enter the relief" and that "each individual defendant is stipulating to the jurisdiction of Texas," and "not just that point person."  (Tr. p. 6, lines 18-22, p. 7, lines 3-9.)

In response to the Plaintiff's effort to clarify this point the Court responded "That's what I understand."  (Tr. p. 7, line 10)

Immediately thereafter counsel for the "Certain Defendants" stated: "as to Xiaofeng Lin ... he is actually on the face of one of the domain name transfer agreements.  He has consented to the personal jurisdiction of Texas; thus there's no *in rem* jurisdiction over him here because there's *in personam* jurisdiction in Texas."  (Tr. p. 7, lines 14-20).

Counsel for the "Certain Defendants" then continued that "[a]s for the remaining domain names that I represent, my clients have stipulated that we will not challenge the jurisdiction of the Northern District of Texas to order the domain registrar in Virginia to transfer the domain names if we do not prevail in Texas."  The Court responded, "On the merits." and counsel replied "On the merits, yes."  (Tr. p. 7, line 24 - p. 8, line 7).

Then, while discussing his reasoning for granting the transfer to the Northern District of Texas, the Court included the following:
"[I]t appears in any event that there's no reason to think that personal jurisdiction cannot be obtained over these certain defendants who claim these domain names as evidenced by both plaintiff's claims in the Eastern District of Texas against certain of these certain defendants and also the certain defendants' stipulation that they consent to the jurisdiction of the Northern District of Texas for the purposes of providing any remedy with respect to the transfer of these domain names.
In that regard, the anticybersquatting act specifically contemplates that such claims will be asserted where there is personal jurisdiction as the preferred course reserving *in rem* jurisdiction for those cases where personal jurisdiction is not obtainable."  (Tr. p. 11, lines 8-23).

We would like to review the second transcript (which is being prepared by the reporter) before communicating our final positon on this matter.  However, please be advised that in light of statements made during the motion to dismiss hearing, by counsel and the Court, it currently appears to the Plaintiff that a very reasonable argument exists for stating that the Defendants did agree to personal jurisdiction in the Northern District of Texas (in particular Mr. Lin) and (as everyone appears to agree) that if *in personam* jurisdiction exists a case should proceed *in personam* instead of *in rem*.  Once we have received the second transcript and have the opportunity to review it we will provide you with the Plaintiff's final position.

Of course if the Defendants are concerned with an imminent deadline they feel exists on this matter, please let us know what deadline you are concerned with and we can discuss a reasonable extension.

Regards,
Rebecca Stempien Coyle

Levy & Grandinetti
Suite 304
1120 Connecticut Ave NW
Washington DC 20036

Tel. (202) 429-4560
Fac. (202) 429-4564
mail@levygrandinetti.com