IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01723-AJT-JFA |
| | ) |
| JOHN DOES 1-44, | ) |
| | ) |
| *Defendants in rem*. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO NON-PARTY VERISIGN, INC.'S MOTION FOR CLARIFICATION, AID AND DIRECTION**

Plaintiff spends most of its response addressing an issue—*in rem* versus *in personam* jurisdiction—that is irrelevant to VeriSign's Motion. The only two questions before the Court are (1) which registrar (*e.g.*, Uniregistry) should maintain registrations of the formerly defaulted domain names, and (2) in whose name should those registrations be held. Ultimately, only the second question matters. And it should be answered in Responding Defendants' favor.

**A.    The Court Should Order VeriSign and the Registrar to Maintain the Registrations in Responding Defendants' Owners' Names.**

As Responding Defendants explained in their original response (Dkt. 74), their previous respective registrars should maintain the registrations to preserve the *status quo ante*, but Responding Defendants do not object to Uniregistry maintaining the registrations for the duration of this litigation.

The key point is that Plaintiff should not maintain control over the disputed domain names. Rather, the registration should be held in the names of Responding Defendants' owners. First, Plaintiff already tried to sell the defaulting domain names (and perhaps *did* sell one) despite knowing that more defaulting defendants were likely to appear. Second, some of the

1

domain names are used in ongoing business enterprises. For example, one need only visit www.JTZ.com to see one of Responding Defendants' domain names in commercial use—with which Plaintiff should **not** be allowed to interfere. Finally, despite Plaintiff's attempts to tar and feather Defendants and their counsel, it is Plaintiff, its manager, Travis Dion Brown, and its owner, Jeffrey Baron, who have shown an unwillingness to comply with federal courts. *See e.g.,* Exhibit H (Facebook page of Associated Recovery's manager, stating "… Jeff [Baron] was stripped, and robbed of EVERYTHING by crooked lawyers, Judges, and other Judicial figures …."); *Netsphere v. Baron*, No. 3:09-cv-988, Dkt. 1155 (N.D. Tex. Jan. 7, 2013) ("Never in this Court's experience of over 40 years in the civil justice system, both as a lawyer and a judge, has this Court observed the kind of party misconduct that has been exhibited by Baron."). Indeed, the disputed domain names were originally sold through a receivership established after a former attorney for Baron testified that Baron planned to move assets that were subject to U.S. jurisdiction to another country. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 303 (5th Cir. 2012) (*"Netsphere I"*)).

Responding Defendants agree not to sell or otherwise transfer their ownership/registration of the disputed domain names until this litigation is finally resolved. In fact, the undersigned counsel understands that registrars such as Uniregistry can place a "lock" or hold on registrations so that they cannot be altered for a period of time. This should allay any unfounded fears that Responding Defendants will "disappear back into the anonymity afforded by the labyrinth of the Internet." Plaintiff's Response at 4 (Dkt. 77). For these reasons, the Court should **not** allow Associated Recovery to have control over Responding Defendants' domain names. Instead, it should preserve the *status quo ante* by allowing Responding Defendants' owners to maintain control.

**B.     Plaintiff's Discussion of *in rem* Versus *in personam* Jurisdiction is a Red Herring.**

Apparently seeking to paint Defendants and, by implication, Defendants' counsel as bad actors, Plaintiff interjects irrelevant arguments about personal jurisdiction that are taken out of context and are not before this Court. That issue, along with four other grounds for dismissal, will be decided by Judge Lindsay of the Northern District of Texas. It has **no** bearing on the issue at bar. In any event, Responding Defendants (whom Plaintiff refers to as the "second batch") were not involved in the hearing so heavily quoted from in Plaintiff's Opposition. As for the other Defendants (*i.e.,* the "first batch"), neither they nor Defendants' counsel misled this Court. Personal jurisdiction is available in Texas with respect to the true, necessary parties to this dispute: Jeff Baron, Novo Point, LLC, and others. The *in rem* Defendants have fully participated in this litigation both in this Court and in Texas. Plaintiff's allegations and insinuations are misplaced.

**D.     Conclusion**

Responding Defendants ask that the Court order VeriSign to change the registrar from Uniregistry to the original registrar used by each Responding Defendant's owner, and order the registrar(s) to maintain the registrations in the name of Defendants' respective owners. Doing so preserves the *status quo ante*.

Dated: August 26, 2016

Of Counsel:
Steven M. Geiszler
Zunxuan D. Chen
Juanita DeLoach
Dentons US LLP
2000 McKinney Avenue
Suite 1900

Respectfully submitted,

*/s/ Eric Y. Wu*
Lora A. Brzezynski, VSB No. 36151
Claire M. Maddox, VSB No. 71230
Eric Y. Wu, VSB No. 82829
Dentons US LLP
1900 K Street, NW
Washington, DC  20006
202-496-7500 (phone)
202-496-7756 (fax)

3

Dallas, TX 75201-1858  
214-259-0900 (phone)  
214-259-0910 (fax)  
steven.geiszler@dentons.com  
digger.chen@dentons.com  
juanita.deloach@dentons.com  

lora.brzezynski@dentons.com  
claire.maddox@dentons.com  
eric.wu@dentons.com  

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of August, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rebecca J. Stempien Coyle (VSB 71483)  
Levy & Grandinetti  
Suite 304  
1120 Connecticut Ave., N.W.  
Washington, D.C. 20036  
(202) 429-4560  
Fax: (202) 429-4564  
mail@levygrandinetti.com  

*Counsel for Associated Recovery, LLC*

                                              */s/ Eric Y. Wu*  
                                              Eric Y. Wu, VSB No. 82829

101206887