IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-01723-AJT-JFA |
| | ) | |
| JOHN DOES 1-44, | ) | |
| | ) | |
| *Defendants in rem.* | ) | |

## **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT JUDGEMENT**

The defendant, Ye Yu, opposes the Plaintiff's Response to Motion to Set Aside Default Judgement ECF-80. The plaintiff stated in ECF-80's Introduction section:

> *Mr. Ye Yu was not the reigstrant (owner) of the Defendant FXF.com on December 28, 2016, when the Original Complaint was filed or any time thereafter.*

Additional evidences are attached as exhibits to support defendant Ye Yu's ownership of domain FXF.com. Furthermore, the defendant requests the Court to

1

grant the Motion to Set Aside Default Judgement and order the domain FXF.com to be returned to its owner Ye Yu.

## FACTS

**A.   The Purchase and Sale Agreement of domain "FXF.com" was fulfilled with payment.**

Defendant's filing ECF-76 Exhibit-1 "Purchase Agreement" and ECF-76 Exhibit-2 "Renewal Receipt" should have been sufficient for most people to deduce the purchase agreement has been consummated using simple logic: if Ye Yu didn't carried out the purchase agreement, the domain wouldn't be renewed under his account.

However, the defendant would like to provide more exhibits to show the Purchase and Sale Agreement of "FXF.com" has been completed with payment:

1. Purchase and Sale Agreement for Purchase of Domain "FXF.com" in Exhibit-1.

2. Sedo.com Payment Request for Purchase of Domain "FXF.com" in Exhibit-2.

3. Bank of America Funds Transfer Request and Authorization for Purchase of Domain "FXF.com" in Exhibit-3;

4. Wire Transfer Transaction Receipt for Purchase of Domain "FXF.com" in Exhibit-4

**B.    Ye Yu has been the owner of domain "FXF.com" since purchase until it's been robbed by the plaintiff through default judgement with defective service of process.**

Domain "FXF.com" has been renewed and managed under Ye Yu's account at namecheap.com since it's purchase. Because Ye Yu has usage for the domain, the domain is renewed in advance for many years, the "forward renewal receipt" is shown in ECF-76 Exhibit-2.

Namecheap.com has been sending domain owner Ye Yu with change events related to "FXF.com". Between "Domain Transferred-In Notification" (Exhibit-5) received on June 14, 2013 and "Domain Transferred-Out Notification" (Exhibit-6) received on June 8, 2016, the domain was registered under Ye Yu's namecheap account.

Namecheap.com support responded and addressed Ye Yu as the previous registered owner in emails. Please see "Namecheap Support's Email Reply Explanation Regarding FXF.com Transfer" in Exhibit-7. If Ye Yu was not the registered owner of the domain, namecheap support would simply refuse to provide any information and explanation regarding the domain.

3

## C. Privacy services provided by registrars to the registered domain owners is not a form of domain transfer or a change of ownership.

The privacy service provided by registrars is a fee for service in most cases. Please see "Screenshot of Namecheap WhoisGuard Service Sign-up Page" in Exhibit-8. The paid privacy service is used for substitute the personal email with a proxy email address which will forward to owner's email address. If court rules that using a privacy email address is a fact of transfer in ownership, a part of the domain industry will be permanently damaged.

Privacy service doesn't diminish or transfer the ownership and responsibility of the registered domain owner to the registrar entity, we can examine the two registrars the defendant is currently using:

1. "Namecheap WhoisGuard Terms of Service" in Exhibit-9, in the "Your Rights" Section:

    a. *You will retain the right to sell, transfer, or assign each Protected Domain.*
    b. *You will retain the right to renew each Protected Domain name registration upon expiration (subject to your Namecheap's applicable rules and policies).*
    c. *You will remain responsible to resolve any and all monetary or other legal claims that arise in connection with your Protected Domain(s), subject to the remaining provisions of this Proxy Agreement, the Whoisguard Services Agreement, and your*

4

> *Domain Registration Agreement and/or Hosting Services Agreement with Namecheap (collectively, "Agreements").*

2. "Google WHOIS Privacy Service Terms of Service" in Exhibit-10, in clause-2:

> *The registrant shall retain full control and ownership over and remain the legally responsible owner of the domain name. The registrant maintains full liability for the registration and use of the domain name and agrees to release, defend, indemnify and hold harmless the whois privacy service provider, its parent companies, subsidiaries, affiliates, shareholders, agents, directors, officers and employees, the registrants' registration service provider as well as registrar, from and against any and all claims, demands, liabilities, losses, damages or costs, including reasonable attorney's fees, arising out of or related in any way to the domain registration itself, the privacy services provided and/or the registrants' use of his domain name registration.*

**D.    The plaintiff's proof of the service of process is defective and can be faked, while the evidence provided by the defendant is a positive confirmation that can't be manufactured on his own.**

The plaintiff provided a returned email notification as evidence of Service of Process. This is detective for following reasons:

1. In order to produce this, he only needs to craft a non-existing email address at the target email service provider. The plaintiff control all necessary factors to create such a return notification.
2. The plaintiff's provided "DNS details" for "FXF.com", however the plaintiff never substantiated with evidence that these "DNS details" are authentic or untampered.
3. The proof of a non-working fake email doesn't prove that the plaintiff ever attempted to contact defendant's real email.

The defendant's evidence of purchase inquiry coming through the WhoisGuard Privacy email address requires multiple components, 3 out of 4 factors are outside defendant's control:

1. inquiring person's email address
2. WhoisGuard email server
3. Google Email Server
4. the defendant's email address

The received sales inquiry at the defendant email proves positively the WhoisGuard email address works.

To re-enforce a prior point, if Ye Yu is not the domain owner, the WhoisGuard Inc would not to forward these purchase inquiries to Ye Yu's email address.

**E.    The plaintiff intends to sell the domain "FXF.com" while the dispute is still in court**

After the plaintiff gained control over the domain "FXF.com", he immediately contracted Outcome Brokerage to attempt sales, please see "Email Communication between Ye Yu and Ryan Colby of Outcome Brokerage on August 20, 2016" in Exhibit-11.

We don't know if the plaintiff has contracted additional brokerages to sell the domain "FXF.com" and other domains while the dispute is still in courts.

At the time of this filing:

1. Outcome Brokerage twitter account still displays and solicits sales on domain "FXF.com", please see "Screenshot of Ryan Colby's Tweet for Soliciting Sales of Domain FxF.com Remaining Online on September 6, 2016" in Exhibit-12.

2. FXF.com landing page is soliciting sales, please see "Screenshot of "FXF.com" on September 6, 2016" in Exhibit-13.

**F.    The plaintiff's legal disputes in Texas Court**

Although the court may be already familiar with the history and factual background. The defendant provides a brief as follow:

1. The plaintiff was sued by his ex-partner, in *Netsphere vs Baron* Case 3:09-cv-0988-F/L for alleged fraud and stolen domains. In that case, the plaintiff swapped legal counsels frequently as a tactic, and refused to pay for their services. The Northern Texas District Court established an receivership "because of Baron's failure to cooperate with the order to mediate the legal-fee claims and his continued hiring and firing of lawyers in violation of court's order".

2. In 2015, Baron, Quantec, and Novo Point sued the receiver Peter Vogel and his law firm in Texas. The Court then quickly dismissed the Vogel case with prejudice, ruling that, although the Fifth Circuit vacated the receivership order, Vogel conducted his receivership duties according to the Court's authorization and was shielded by judicial immunity. Baron v. Vogel, No. 3:15-cv-00232-L, 2016 WL 1273465, *6 (N.D. Tex) ("[A]ny claim by Plaintiffs based on the wrongful establishment or continuation of the receivership or payment of receivership expenses is an impermissible collateral attack of prior orders through this suit.").

G. **The Associated Recovery, LLC lack standing in court**

Jeff Baron, Novo Point, Ondova, Quantec are names associated in the past case, *Netsphere vs Baron* NO. 3:09-cv-0988-F/L, which involve the auctioned domain FXF.com and other 43 defendants. Associated Recovery LLC was never a legal owner or registrant in any of these domains' registration history prior to this case.

**H.  Jeff Baron holds contempt and grudge against the Court and Judge that ruled against him and published videos and articles to denounce the Court and Judge in public despite that the plaintiff has his own flawed character and vexatious actions to blame.**

Google search provides a lot of Jeff Baron related articles and videos, all of them have similar theme of calling legal system "corrupt" or "lawless", and accusing Texas Court and Judge Royal Furgeson for "injustice" against him. In his narcissistic perspective, he is never at fault and being victimized by the Court, the Judge, and countless lawyers for no reason. Judging by similarity of these contents, they appears to be published all by Jeff Baron and a few of his cohorts:

1. In youtube video "Congressional Testimony: Jeff Baron to Bill Windsor of Lawless America", Jeff Baron claims "never filed bankruptcy", this is an obvious lie, it's amazing how comfortable when he tells it in front of video camera. The fact is that only 2 months after Jeff Baron was sued for fraud

and stealing domains in Netsphere vs Baron Case 3:09-CV-00988 filed in 2009-05-28. Jeff Baron filed bankruptcy for his company Ondova Limited Company in 2009-07-27, Case 3:09-CV-01551.

    a. The Youtube Video can be viewed at:

    https://www.youtube.com/watch?v=lLCgVDF2-qs

    b. The defendant has downloaded the video for backup. In case the plaintiff take down the video, the defendant can submit the backup video directly to court if necessary.

2. In August 2016, DailyCaller.com published an article "Dallas Judge Shred Constitution, Steal Millions", please see screenshot in Exhibit-14.

3. Two websites are dedicated to promote Jeff Baron's story, screenshots are provided in Exhibit-15

    a. http://www.lawexaminer.com/

    b. http://www.lawinjustice.com/

4. Facebook group "Save Jeff Baron from a Lawless Federal System", a screenshot is provided in Exhibit-16, the group has been peddling their biased view since 2011.

The plaintiff is toxic to the public and society, by publishing these irresponsible rants online directly or indirect, he attempts to swing the opinion of

uninformed public. All these published contents bluntly incite public resentment towards the legal system without factual and logical basis.

It's reasonable to deduce that if the Court rules against the plaintiff, the Court and presiding Judge will become the slandering target in future by the vexatious plaintiff.

## ARGUMENTS

**A.  Ye Yu is the registered owner of domain "FXF.com" through a purchase transaction**

There are plenty of documentations to support the fact that Ye Yu has carried out the purchase agreement and been the registered owner since its purchase until it is being court ordered to transfer out of his account.

**B.  The Plaintiff's interpretation of ICANN Terms is both wrong and dangerous to the web and domain industry.**

The plaintiff confused proxy agent with ownership, privacy service is essentially a proxy agent. A proxy agent is a representative of owner. ICANN Terms doesn't exclude the use of proxy agent or privacy protection service.

By ICANN own estimation about 18% of the domains with top 5 suffix are using privacy service. With the plaintiff's narrow interpretation and argument.

Millions domain owners becomes vulnerable to legal attack by party such as the plaintiff, and they won't be able to represent their own interests.

As shown in Fact-C, major registrar companies such as namecheap and google disagree with the plaintiff's interpretation of domain ownership using privacy services. In both cases, the owner's rights and responsibilities are clearly and explicitly assigned in their Terms of Service.

### C. The plaintiff failed Service of Process

As shown in Fact-D, the plaintiff only proved a non-existing email address can't receive email, nothing more. While the defendant proved positively that the privacy email of domain "FXF.com" was working. The plaintiff's claim that Service of Process have gone through due diligence has no factual basis.

By United States Constitution, Ye Yu is entitled to the due process of law. The plaintiff's invalid Service of Process injures the Constitutional right of Ye Yu. At the time of writing, without due process of law, the property ownership has been transferred.

### D. The plaintiff "Associated Recovery LLC" has no ownership right to the domains, and lack standing in Court

Jeff Baron and his company Ondova are the party that lost the domains through the receivership to cover the unpaid legal expenses. Associated Recovery LLC was never a registered owner of any of domains in this case.

Furthermore, Jeff Baron and his company Ondova have no rights to get the auctioned domain back by prior court ruling, see Fact-F. The plaintiff, Associated Recovery LLC, can not substantiate its ownership claims to the domains from Jeff Baron or Ondova.

### E. The plaintiff is taking advantage of the Court system to cause harm to others and for profiteering

Most people resort to the legal system to get justice and resolve grievances. The plaintiff crafted cases to profiteer and attack innocent domain investors and developers. This is not our legal system are intended for.

If the Court were to allow Jeff Baron to join the case as the Plaintiff. The defendant requests the Court to take consideration of Jeff Baron's vexatious character and all the biased online contents by him directly and indirectly to incite public hatre towards the Court and the prior Judge Furgeson.

### E. Returning domain "FXF.com" to the defendant Ye Yu represents a more equitable and less risky status for the ongoing case

Including domain "FXF.com", the group of domains were auctioned previously to pay for the plaintiff unpaid court expenses. Now the plaintiff got the same domains again for free, and try to sell them for a profit. It's obviously injustice.

The defendant Ye Yu has no intention to sell the domain, he has hold the domain since its purchase, there is no risk of further complication. In comparison, Fact-E shows that the plaintiff intends to sell and complicate the matter.

## **CONCLUSION**

WHEREFORE, for all previous mentioned reasons, Ye Yu and defendant "FXF.com" respectfully request the Court to grant the motion to set aside default judgement (ECF 43) and order Uniregistrar Corp., the current registrar of the FXF.com domain name, in coordination with Verisign Inc., the registry of all ".com" domains, to take all steps within their power to transfer the domain back to Ye Yu at its original registrar Namecheap.com.

Dated: September 19, 2016                                    Respectfully submitted,

---

Ye Yu
5001 Wilshire Blvd, #112-528
Los Angeles, CA 90036
Phone: 818-919-5619
Email: info@yespire.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-01723-AJT-JFA |
| | ) | |
| JOHN DOES 1-44, | ) | |
| | ) | |
| *Defendants in rem.* | ) | |

## **CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

Ye Yu
_____

Name of Pro Se Party


_____

Signature of Pro Se Party

Executed on: September 19, 2016

16

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing <u>Defendant's Reply to Plaintiff's Response to Motion to Set Aside Default Judgement</u>, was mailed this <u>19th Day of September,</u> to <u>the Plaintiff's counsel Rebecca J Stempien Coyle</u> at:

    Rebecca J Stempien Coyle (VSB-17483)
    Levy & Grandinetti
    1120 Connecticut Avenue, N.W., Suite 304
    Washington, D.C. 20036
    Phone (202) 429-4560
    Fax (202) 429-4564
    mail@levygrandinetti.com

Dated: September 19, 2016

    Ye Yu
    5001 Wilshire Blvd, #112-528
    Los Angeles, CA 90036
    Phone: 818-919-5619
    Email: info@yespire.com